IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BERNARD KRETLOW,

                         Plaintiff,

        v.                                              OPINION & ORDER

TARRELL WASHINGTON,                                     16-cv-582-jdp

                         Defendant.

---

BERNARD KRETLOW,

                         Plaintiff,

        v.

CAPT. MICHAEL SCHULTZ, LT. ELSINGER,                    OPINION & ORDER
CAPT. BAUMANN, DGT. CUMMINGS,
SGT. ROZMARYNSKI, OFFICER NORTON,                       16-cv-583-jdp
OFFICER WASIELEWSKI, DR. ALLEN,
DR. S. GARLAND, and LUTSEY,

                         Defendants.

---

Plaintiff Bernard Kretlow, a prisoner currently incarcerated at the Green Bay
Correctional Institution (GBCI), brings two lawsuits: one, 16-cv-582, against a fellow inmate,
Tarrell Washington; the other, 16-cv-583, against a number of GBCI employees. Kretlow has
made an initial partial payment of the filing fee for these lawsuits, as previously directed by
the court.

The next step in the cases is to screen the complaints. In doing so, I must dismiss any
portion that is legally frivolous, malicious, fails to state a claim upon which relief may be
granted, or asks for money damages from a defendant who by law cannot be sued for money
damages. 28 U.S.C. §§ 1915 and 1915A. Because Kretlow is a pro se litigant, I must read his

allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). I have reviewed the complaints in both cases. The allegations in the two complaints overlap. I conclude that Kretlow has failed to state a claim for relief in the '582 case, and that in the '583 case, he is alleging at least four kinds of claims that do not appear to be related to each other, in violation of Federal Rule of Civil Procedure 20. I will allow him an opportunity to choose which claims he wishes to pursue in these cases and to submit amended complaints for those claims. I will also deny Kretlow's motion, which he filed in both cases, for a court order redirecting his legal loan to the Wisconsin Resource Center.

ALLEGATIONS OF FACT

I draw the following facts from Kretlow's complaints.

In the '582 case, Kretlow alleges that from May to August 2016, Tarrell Washington, Kretlow's fellow inmate, threatened to kill him and threatened to harass his mother and his friend's grandmother over the phone and then rape and kill them when he is released from prison.

In the '583 case, Kretlow alleges that in July and August 2016, Officer Norton laughed about "Washington giving [Kretlow's] info. out" and later told Kretlow that he was the next to get gassed. Dkt. 1, at 4. Kretlow also alleges that, in separate incidents in August 2016, Captain Michael Schultz, Lieutenant Elsinger, Sergeant Rozmarynski, and Sergeant Cummings allowed Kretlow to keep banging his head. Captain Baumann "manipulated" Kretlow to recant a letter he wrote. Dkt. 1, at 3. Officer Wasielewski "played with meds trying too give [Kretlow] some of them," Dkt. 1, at 4, and disrespected him. Dr. Allen and

Dr. S. Garland refused to order a new CPAP machine for Kretlow when Kretlow destroyed his first machine.

## ANALYSIS

Both of Kretlow's complaints have problems that he will have to fix.

I begin with Kretlow's complaint in the '582 case. Federal Rule of Civil Procedure 8 requires that Kretlow's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Kretlow alleges that Washington threatened to kill him and rape and kill his family and friends. These are serious threats that could violate Kretlow's Eighth Amendment right to be free from cruel and unusual punishment if they were made by a prison guard or other state official. *See Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009). But Washington is not a state official, he is an inmate. Kretlow has not alleged facts showing that Washington acted "under color of state law," as required to proceed under 42 U.S.C. § 1983. *See Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010). I see no federal cause of action that Kretlow's allegations support.

And even if Kretlow's complaint stated a claim for relief under Wisconsin law, this court cannot consider a case involving only state law claims unless Kretlow can establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists when: (1) the amount in controversy exceeds $75,000; and (2) the parties are citizens of different states. Kretlow does not allege that he and Washington are citizens of different states, and he seeks no monetary damages, so this court cannot exercise jurisdiction over a state law claim. Kretlow has not stated a claim for relief under Rule 8 in the '582 case, so I must dismiss this complaint.

I turn now to Kretlow's complaint in *Schultz*, No. 16-cv-583. Kretlow has combined into one lawsuit several different claims against different defendants regarding different incidents: (1) allegations that Officer Norton threatened Kretlow and laughed when Washington distributed Kretlow's information; (2) allegations that Captain Michael Schultz, Lieutenant Elsinger, Sergeant Rozmarynski, and Sergeant Cummings did not stop Kretlow from banging his head; (3) allegations that Dr. Allen and Dr. S. Garland did not order a new CPAP machine; and (4) allegations that Officer Wasielewski administered medicine to Kretlow without his consent. Under Federal Rule of Civil Procedure 20, multiple claims against different sets of defendants may be joined in one lawsuit only if they arise out of the same transaction or occurrence and present questions of law or fact that are common to them all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). He cannot proceed on all these claims together because he has not explained how they are connected.

The potential state law claim Kretlow attempts to bring against Washington in the '582 case *does* appear to arise out of the same transaction or occurrence as his claim against Officer Norton in the '583 case. Reviewing all of Kretlow's allegations in both lawsuits, and without taking any position on the relative merit of the opinions, I identify the following potential lawsuits that Kretlow may choose to pursue:

> Lawsuit 1: Allegations against Officer Norton threatening Kretlow and laughing at Washington's actions, and a state assault claim against Washington.

> Lawsuit 2: Eighth Amendment deliberate indifference claims against Captain Michael Schultz, Lieutenant Elsinger, Sergeant Rozmarynski, and Sergeant Cummings for not stopping Kretlow from banging his head.

> Lawsuit 3: Eighth Amendment deliberate indifference claims against Dr. Allen and Dr. S. Garland for not ordering a new CPAP machine.

4

> Lawsuit 4: A Fourteenth Amendment due process claim against
> Officer Wasielewski for administering medicine to Kretlow
> without his consent.

Kretlow only has two cases currently open, so he must choose which two of these four potential lawsuits he wants to pursue.

There are more problems with each of the potential lawsuits listed above: none of them state a claim for relief as required by Rule 8. When Kretlow chooses which two potential lawsuits he wishes to pursue, he should draft two amended complaints, one for each lawsuit. He should write each amended complaint as if he were telling a story to people who know nothing about his situation. He should state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed each of those acts; and (4) what relief he wants the court to provide.

Before I can screen the merits of any of his claims, Kretlow must respond to this order and explain how he would like to proceed. He must choose one of the four potential lawsuits listed above to pursue using case number 16-cv-582 and one to pursue using case number 16-cv-583. He must file amended complaints in each case by January 9, 2017, or I will dismiss both cases.

For the lawsuits he does not pick for the '582 and '583 cases, he faces another choice: He may choose to pursue the other lawsuits, but he will be required to pay another filing fee of $41.09 for each suit. He may also be subjected to a separate strike under 28 U.S.C. § 1915(g) for each lawsuit that he pursues if it is later dismissed for failure to state a claim upon which relief may be granted. Once he receives three strikes, he may not proceed in new lawsuits without first paying the full filing fee, except in very narrow circumstances. 28 U.S.C. § 1915(g). Alternatively, Kretlow may choose to dismiss the lawsuits that he does not

pursue under these case numbers. If he chooses this option, he will not owe an additional filing fee or face a strike for the lawsuits that he dismisses. The dismissals would also be without prejudice, so Kretlow would be able to file those lawsuits another time, provided that he files them before the statute of limitations has run. Kretlow must inform the court of his choice by January 9, 2017.

Finally, I will deny Kretlow's motions for a court order redirecting his legal loan to the Wisconsin Resource Center. Dkt. 12 in the '582 case and Dkt. 12 in the '583 case. It is generally this court's policy to not interfere with the state's legal loan program; the question is whether the Wisconsin Department of Corrections has provided Kretlow with the ability to access this court. There is nothing to suggest that Kretlow has had insufficient resources to litigate this case.

## ORDER

IT IS ORDERED that:

1. Plaintiff Bernard Kretlow is DENIED leave to proceed on his claims in each of the above-captioned cases, and plaintiff's complaints, Dkt. 1, are DISMISSED for failure to comply with the Federal Rules of Civil Procedure.

2. Plaintiff may have until January 9, 2017, to choose which potential lawsuits he wants to pursue and file amended complaints in each case, as directed in the opinion above. Should plaintiff fail to submit amended complaints by this deadline, I will direct the clerk of court to enter judgment dismissing the cases.

3. Plaintiff's motions for an order redirecting his legal loan to the Wisconsin Resource Center, Dkt. 12, are DENIED.

Entered December 16, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge