IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BERNARD KRETLOW,

                             Plaintiff,

    v.                                                                ORDER

TARRELL WASHINGTON,                             16-cv-582-jdp

                             Defendant.

---

      Pro se prisoner Bernard Kretlow filed proposed complaints in this case and 16-cv-583 alleging various constitutional violations by Green Bay Correctional Institution (GBCI) employees and a fellow inmate. I reviewed his complaints and concluded that they did not meet the pleading requirements of Federal Rule of Civil Procedure 8, nor did they comply with Rule 20 because his claims concerned unrelated events against different defendants. Dkt. 14. I gave him a chance to choose to pursue one of four possible separate lawsuits in this case:

> Lawsuit 1: Allegations against Officer Norton threatening Kretlow and laughing at Tarrell Washington's actions, and a state assault claim against Washington.
>
> Lawsuit 2: Eighth Amendment deliberate indifference claims against Captain Michael Schultz, Lieutenant Elsinger, Sergeant Rozmarynski, and Sergeant Cummings for not stopping Kretlow from banging his head.
>
> Lawsuit 3: Eighth Amendment deliberate indifference claims against Dr. Allen and Dr. S. Garland for not ordering a new CPAP machine.
>
> Lawsuit 4: A Fourteenth Amendment due process claim against Officer Wasielewski for administering medicine to Kretlow without his consent.

Kretlow responded by filing an amended complaint and stating that he would like to pursue Lawsuit 1. Dkt. 16. I will now screen the allegations in his amended complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Kretlow is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). Having reviewed the amended complaint, I conclude that it fails to state a claim upon which relief can be granted. I will therefore dismiss this case in its entirety.

ALLEGATIONS OF FACT

I draw the following facts from Kretlow's amended complaint.

In August 2016, Kretlow was incarcerated at GBCI. As the guards were distributing medications to the inmates one evening, Kretlow noticed Officer Astrada wearing a mask and asked her if the guards recently "gassed" someone. Officer Norton was next to Kretlow's cell and responded to Kretlow's question by placing his hand on his mace and telling Kretlow that he would be the next to get gassed. Kretlow felt scared and threatened, and he refused to take the medications that Norton gave to him. He continues to feel scared, nervous, and afraid whenever Norton is near him.

ANALYSIS

Although Kretlow's initial complaints included allegations against Tarrell Washington and allegations against Officer Norton that appeared to involve Washington, Kretlow's amended complaint focuses solely on Norton's actions. I take the amended complaint to

indicate that Kretlow wishes to pursue claims against only Norton in this case, and I will confine my analysis to the allegations in Kretlow's amended complaint. I note that Kretlow is proceeding with what I have called "Lawsuit 2" in case no. 16-cv-583.

Kretlow alleges that Norton threatened to mace him for no apparent reason. "[I]t is a violation of the Eighth Amendment for prison officials to use mace or other chemical agents in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain." *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984). If Norton had actually *used* mace on Kretlow, he would have violated the Eighth Amendment. A threat rises to the level of cruel and unusual punishment when a reasonable victim would fear for his life as a result of the threat. *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009). A threat to mace an inmate without cause, while repugnant, would not cause a reasonable inmate to fear for his life because mace is not a deadly weapon. *Lucio v. Santos*, No. 11-cv-979, 2012 WL 12543021, at *4-5 (S.D. Ill. Aug. 9, 2012). But even when a guard does not threaten the use of deadly force, his comments and actions may constitute cruel and unusual punishment if they cause "significant psychological harm" to the inmate. *Beal v. Foster*, 803 F.3d 356, 359 (7th Cir. 2015). Under the facts alleges in the complaint, it is not plausible that Norton's brief and isolated comment would cause a reasonable person significant psychological harm. Although a pattern of similar verbal harassment might cause significant psychological harm, Kretlow alleges only that Norton vaguely threatened him one time. Kretlow's amended complaint does not state a plausible claim for relief against Norton, so I will dismiss this action for failure to state a claim upon which relief can be granted.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

2. The clerk of court is directed to close this case.

Entered February 28, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge